## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-20583-SINGHAL

**UNITED STATES OF AMERICA**

**vs.**

**MARK HERNANDEZ,**

      **Defendant.**

_____/

### AMENDED PLEA AGREEMENT

The Criminal Division, Fraud Section of the United States Department of Justice, and the Office of the United States Attorney for the Southern District of Florida (collectively, the "Office") and Mark HERNANDEZ (the "Defendant") enter into this Plea Agreement (the "Agreement").

1.     The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the Defendant with conspiracy to commit health care and wire fraud, in violation of Title 18, United States Code, Section 1349.

2.     The Government agrees to dismiss Counts 2-6, 7, and 8-12, as to this Defendant, at sentencing.

3.     The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines, and that the Court will make that computation relying in part on the results of a Pre-Sentence Investigation by the probation office, which investigation will commence after the Defendant's guilty plea has been entered.  The Defendant

1

is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that the Court is required to consider the advisory range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that range; the Court is permitted to tailor the Defendant's ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, and that the Defendant may not withdraw the Defendant's plea solely as a result of the sentence imposed.

4.    The Defendant understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three (3) years for the offense of conviction.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, or not more than the greater of twice the pecuniary gain derived by the Defendant or twice the gross pecuniary loss suffered by any person resulting from the offense.

5.    The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, the Court shall impose a special assessment in the amount of $100.   The Defendant agrees that the Defendant shall pay any special assessment imposed at the time of sentencing.

6.    The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning any

2

offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend, at sentencing, that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.

However, this Office will not be required to make these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the Government prior to entering this Agreement; or (c) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

8.      Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, the Office and the Defendant agree that, at sentencing:

3

(a) Base Offense Level: the parties agree that the base offense level for this offense is 7, pursuant to Section 2B1.1 of the Sentencing Guidelines,

(b) Loss: the parties agree that the loss amount is approximately $75,200,000 which results in an enhancement of +24 under Section 2B1.1(b)(1)(L) of the Sentencing Guidelines;

(c) the parties agree that the Defendant's offense level should be increased +2 levels pursuant to Section 2B1.1(b)(2)(A)(I) of the Sentencing Guidelines, because the offense involved 10 or more victims;

(d) the parties agree that the Defendant's offense level should be increased +2 levels pursuant to Section 3A1.1(b)(1) of the Sentencing Guidelines, because the Defendant knew or should have known that one or more of the victims of the offense was a vulnerable victim;

(e) the parties agree that the Defendant's offense level should be increased by +2 levels pursuant to Section 3B1.3 of the Sentencing Guidelines because the Defendant used a special skill in committing the offense;

(f) the parties agree that the Defendant shall be jointly and severally liable with the other defendants in this case for a restitution amount of $15,300,000; and

(g)    the Government will ask for a sentence at the low end of the Defendant's applicable Guidelines' range.

9.    The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the

Government, the probation office or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

10.     In the event the Defendant withdraws from this Agreement prior to or after pleading guilty to the charges identified in paragraph one (1) above, or should this Office, in its sole discretion, determine that the Defendant has failed to fully comply with any of the terms of this Agreement, this Office will be released from its obligations under this agreement, and the Defendant agrees and understands that: (a) the Defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, (b) that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government, including the factual proffer; (c) the Defendant's waiver of any defense based on the statute of limitations, or any other defense based on the passage of time in filing an indictment or information, referred to herein, shall remain in full force and effect; (d) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by

the Defendant or the Defendant's representatives to any state or federal agency and/or this Office; and (e) the Defendant further stipulates to the admissibility, in accordance with Rule 11(b)(3), in any case brought by the United States in any way related to the facts referred to in this Agreement, of the entire factual basis set forth in the Defendant's factual proffer, as the Defendant's own statement.

11.     The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this Agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing.   The Defendant further understands that nothing in this Agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.   The Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense in

violation of 18 U.S.C. § 1349, to which the defendant is pleading guilty, pursuant to 18 U.S.C. § 982(a)(7).   In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to forfeiture includes, but is not limited to:

(i)     A forfeiture money judgment in the amount of at least $452,590.60, which represents the total amount of gross proceeds obtained as a result of the violation of Title 18, United States Code, Section 1349, as alleged in the Superseding Indictment;

(ii)    Substitute property including, but not limited to: real property located at 12355 SW 76th St., Miami, FL 33183.

Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.   Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or

administrative forfeiture proceeding concerning the forfeiture.

In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

a.   submit a financial statement to the Offices upon request, within 14 calendar days from the request;

b.   maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

c.   provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

d.   cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e.   notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Offices of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as

8

a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

13.   The Defendant knowingly and voluntarily agrees and admits that the assets described above as being subject to forfeiture constitute, or are derived from, proceeds the Defendant obtained, directly or indirectly, or is property traceable to such property, as a result of the fraud as alleged in the Superseding Indictment and to which the Defendant will plead guilty.

14.   The Defendant knowingly and voluntarily waives any right to a jury trial or any other adversarial proceeding regarding the assets which are subject to forfeiture and waives any notification about forfeiture proceedings, whether administrative or judicial.   The Defendant further waives any statute of limitations with respect to the commencement of such forfeiture proceedings, whether administrative or judicial.   The Defendant also waives any defenses to the forfeiture, including any claim of excessive fine or penalty under the Eighth Amendment.   Last, the Defendant knowingly and voluntarily agrees to waive any appeal of the forfeiture.   The Defendant also agrees that he shall assist the Office of the United States Attorney in forfeiting all assets, wherever located, which the Defendant or others to the Defendant's knowledge have accumulated as a result of the Defendant's illegal activities.   Such assistance includes the identification of all assets subject to forfeiture, whether as directly subject to forfeiture or as substitute assets, and the transfer of such assets to the United States of America by delivery to the Office, upon the Office's request, of all necessary and appropriate documentation with respect to the assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property and assets.   The Defendant agrees

to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture.

15.     The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Superseding Indictment.   Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case.   The Defendant, by his signature affixed below, attests that he has read this Agreement, carefully reviewed every part of it with his attorney, that he is satisfied with his attorney's advice and representation regarding his decision to enter into the Agreement, and voluntarily agrees to be bound by every term and condition set forth herein.

16.     Defense counsel, by his signature affixed below, attests that he has fully explained to the Defendant his rights with respect to the pending Superseding Indictment, that he has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the provisions which may apply in this case, and that he has carefully reviewed every part of this plea Agreement with the Defendant.

17.     The Defendant agrees that the Defendant shall cooperate fully with the Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Office; and (c) if requested by the Office, working in an undercover role under the supervision of, and in compliance with the instructions of, law enforcement officers and agents.   In addition, the Defendant agrees that the Defendant will not protect any person or entity through false information or omission, that

the Defendant will not falsely implicate any person or entity, and that the Defendant will not commit any further crimes.   The Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.

18.   If, in the sole and unreviewable judgment of the Office, the Defendant's cooperation is of such quality and significance to the investigation or prosecution of any criminal matter as to warrant the Court's downward departure from the advisory range calculated under the Sentencing Guidelines, the Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance, and recommending that the Defendant's sentence be reduced.

19.   The Defendant understands and agrees, however, that nothing in this Agreement requires the Office to file any such motion, and that the Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of the Office's filing or not filing a motion to reduce the Defendant's sentence.   The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Office, or to otherwise reduce the Defendant's sentence on account of any cooperation by the Defendant.

20.     This the entire agreement and understanding between the Office and the Defendant.   There are no other agreements, promises, representations, or understandings between the parties.

JOSEPH S. BEEMSTERBOER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 8/13/2021        By: _____
                            JAMES V. HAYES
                            SENIOR LITIGATION COUNSEL
                            LIGIA M. MARKMAN
                            TRIAL ATTORNEY

Date: 9/16/2021        By: _____
                            DAVE RABEN, Esq.,
                            ATTORNEY FOR DEFENDANT

Date: 8/16/2021        By: _____
                            MARK HERNANDEZ
                            DEFENDANT

12